**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-10666 |
| Plaintiff - Appellee, | D.C. No. 3:11-cr-00063-WHA-1 |
| v. |  |
| ISIAIN JOHNSONMARIN, | MEMORANDUM[*] |
| Defendant - Appellant. |  |

Appeal from the United States District Court
for the Northern District of California
William Alsup, District Judge, Presiding

Argued and Submitted December 7, 2012
San Francisco, California

Before: SILVERMAN, GOULD, and CHRISTEN, Circuit Judges.

Isiain Johnsonmarin appeals the district court's denial of his motion to

suppress evidence and the district court's non-mandatory condition of supervised

release. We have jurisdiction under 18 U.S.C. § 3742 and 28 U.S.C. § 1291, and

we affirm in part and reverse and remand in part.

---

[*]        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Cir. R. 36-3.

Johnsonmarin argues on appeal that the district court erred in denying his motion to suppress evidence from a searched vehicle because Johnsonmarin was not a recent occupant of the vehicle. We disagree. The circumstantial evidence reasonably supports the conclusion that Johnsonmarin was a recent occupant of the vehicle, and therefore the search-incident-to-arrest exception to the warrant requirement applies. *See Arizona v. Gant*, 556 U.S. 332, 351 (2009) (holding that the vehicle of a recent occupant may be searched incident to arrest as an exception to the warrant requirement where it is reasonable to believe the vehicle contains evidence of the offense of arrest). Johnsonmarin argued that the police officers could not have deemed him to be a recent occupant of the vehicle, yet Johnsonmarin was found next to his running vehicle, the officers had observed Johnsonmarin driving the vehicle on prior occasions, a female was in the passenger seat, and the driver's seat was vacant. This circumstantial evidence of spatial and temporal proximity, especially in the absence of evidence supporting any other explanation, suffices to prove the exception to the warrant requirement by a preponderance of the evidence. *See Thornton v. United States*, 541 U.S. 615, 622 (2004) (analyzing the spatial and temporal relationship of a person and a vehicle to determine if the person was a recent occupant of the vehicle); *United States v. Vasey*, 834 F.2d 782, 785 (9th Cir. 1987) ("The government must prove the

existence of an exception to the Fourth Amendment warrant requirement by a preponderance of the evidence.").

We reverse and remand to the district court the sentencing of Johnsonmarin to clarify the non-mandatory conditions of supervised release. The district court's oral pronouncement of the supervised-release terms differs from the more prohibitive written terms contained in the judgment. Whereas the oral pronouncement prohibits Johnsonmarin from visiting the City and County of San Francisco, the written terms *also* prohibit Johnsonmarin from visiting "any area frequented by gangs." Because the oral pronouncement controls, the written judgment must be amended to conform. *See United States v. Hicks*, 997 F.2d 594, 597 (9th Cir. 1993). We remand this condition of supervised release to the district court for clarification.

We uphold the condition of supervised release prohibiting Johnsonmarin from living in or visiting San Francisco without the prior consent of the probation officer. *See United States v. Watson*, 582 F.3d 974, 984–85 (9th Cir. 2009) (upholding a similar condition excluding a gang member from San Francisco without the permission of his probation officer). The condition is permissible in this instance because of Johnsonmarin's history with gangs in San Francisco and because the probation officer has the authority to allow Johnsonmarin to visit San

Francisco for legitimate reasons, such as to visit his fiancée and children.  Implicit in this authority is that it will be exercised reasonably and is subject to the judge's supervision in case of complaint.

**AFFIRMED** in part and **REVERSED** and **REMANDED** in part.